UNIVERSAL LIFE INS. CO. *v.* DAVIS.

Division A. Dec. 11, 1950.

No. 37714 (49 So. (2d) 270)

240

**Price & McIlwain**, for appellant.

**W. S. Thompson**, for appellee.

**Lee, J.**

Universal Life Insurance Company issued a life policy to David Stone on May 26, 1947. He died May 9, 1949. Lula Clanton, his mother, the beneficiary, died June 24, 1949, before collecting the proceeds. But Will Davis, a son of Lula, and a half-brother of David, by will, inherited the right to the proceeds.

The face amount of the policy was $368; but there was a provision that, if death resulted from disease of the heart within two years from the date of the policy, the insurer's liability would be reduced to one-fourth of the principal amount, that is, $92.

Suit was filed by Will Davis. By appropriate pleadings, the sole issue was whether or not David Stone died directly or indirectly from a disease of the heart. The jury in county court found a verdict for the plaintiff for the full amount. The circuit court affirmed that judgment; and the insurance company appeals here.

We notice the assignments that the court erred in refusing to grant an instruction requested by the defendant that the plaintiff could recover only $92, and that the verdict of the jury was against the weight of the evidence.

One doctor attended the deceased from April 23 to April 29. He made a thorough examination, and diagnosed the ailment as Influenza. He further testified that he found no indication of heart trouble. Two other doctors attended the deceased from April 28 to May 2. The patient ran a high temperature. He had chills and rigors. Laboratory tests of blood and urine were negative. Their diagnosis was fever of undetermined cause. They made thorough physical examinations, found no heart trouble, and, with the negative laboratory findings, testified that they could not conceive of the existence of such condition.

About May 3, the patient became worse, and not being able to obtain any of the doctors who had been treating him, the family called in another doctor. He found the patient acutely ill, cold and clammy, with a shortness of breath, a pulse rate of 120, and blood pressure of 146 over 115. His diagnosis was heart failure. He caused laboratory tests to be made, but those tests suggested pulmonary congestion as the diagnosis, with the underlying possibility of sarcoid, a disease of the lung tissue. This doctor admitted that influenza and pneumonia sometimes cause lung congestion, and that sarcoid will kill.

The effect of the evidence by the three doctors for the plaintiff was that Stone did not die of heart disease, and they were corroborated to some extent by the laboratory report, whereas the doctor, testifying at the instance of the defendant, was positive that heart failure was the cause of death.

In a somewhat similar case, Davis v. Gulf States Insurance Company, 168 Miss. 161, 151 So. 167, this Court held that the burden was on the insurance company to show that the insured died of one of the diseases named in the exceptions in that policy, and that the court below properly submitted to the jury the question as to whether or not the insured died of myocarditis. See also Jefferson Standard Life Insurance Company v. Jefcoats, 164 Miss. 659, 143 So. 842.

The instructions simply announced that principle.

The disputed issue was properly submitted to the jury, and the verdict was not against the weight of the evidence.

Affirmed.